State vs. Mahner et als.

## No. 10,730.

### THE STATE OF LOUISIANA VS. JOHN MAHNER ET ALS.

An ordinance of a municipal corporation which violates any of the recognized principles of legal and equal rights is necessarily void so far as it does so.

An ordinance which prohibits dairies within certain designated limits and gives the City Council the authority to grant permission to carry them on within the prohibited limits is not general in its operations among the class it is intended to affect, and is therefore null and void.

APPEAL from the Third Recorder's Court of New Orleans. *Landry, J.*

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Plaintiff and Appellee:

Unless ordinance shows no action for penalty was intended without prior demand, unnecessary to aver one. Unnecessary to aver notice of ordinance, this being conclusively presumed as to all on whom it is binding. Dillon Mun. Cor. Sec. 416, Ed. of 1890.

All on whom ordinances are binding are bound to take notice of them. Dillon Mun. Cor. Sec. 356, Ed. of 1890.

The notice referred to in Ordinance 3175 O. S. has no reference to the fine imposed in this case.

The designation of an official is sufficient, if, by reference to the City Charter, the official intended may easily be ascertained.

The enforcement of clause of ordinance under which defendant is prosecuted not subject to the discretion of any official.

Ordinance 3175 O. S. within the power of City to enact under Charter of 1856; Ordinance 3414 C. S. authorized by Act 20 of 1882, Sec. 7.

No unlawful discrimination by Ordinance. State vs. Schlemmer, 42 An. —; 8 Southern Reporter, 308, 309; 3 An. 689.

The question of the validity of a judgment is distinct from the question of the manner of its enforcement.

Courts will not interfere with discretion of municipal corporation unless the corporation has manifestly abused its powers. 42 An. 487.

State vs. Mahner et als.

*A. D. Henriques* and *Branch K. Miller* for Defendants and Appellants:

Where an Ordinance provides a penalty for failure to obey a notice, the notice
given must conform strictly to the Ordinance. 36 An. 903.

The operation of an Ordinance can not be left to the discretion of an executive offi-
cer. 15 A. and E. Corp. Cases, 356.

The power to prevent the following of a lawful occupation, save in certain locali-
ties, is not inherent in a municipal corporation.

An Ordinance void for want of power in the Council which passed it, can not be
valid against an amendment of a subsequent Council having power to pass the
original Ordinance. Mun. Pol. Ord. 138, 162.

Ordinances must be general in their operation. 1 Dillon Mun. Corp. Sec. 322; 118
U. S. 551.

Power to imprison in default of payment of fine must be expressed. Dillon Mun.
Corp. Secs. 336, 353, 3804.

An Ordinance can not make one continuous act a number of offences. 1 Dillon
Mun. Corp. 342; 38 Ill. 274; 12 Johns, (N. Y.) 122; 9 Wendell, (N. Y.) 591; 3 An. 388;
36 An. 247

The opinion of the court was delivered by

McENERY, J. The defendants were prosecuted for violating or-
dinance No. 3414 of the City of New Orleans, convicted and fined.

This ordinance, and amended ordinance No. 3175, extended the
limits within which the dairies were prohibited.

The defendants ask that the ordinance be declared null and void,
because it is not general in its operation, is unconstitutional and
oppressive.

The objectionable feature of the ordinance is contained in the first
section.

This section prescribes the limits within which dairies may be con-
ducted by permission of the City Council, and it is made unlawful to
keep more than two cows without a permit from the City Council.
The defendants are within the prohibited limits, and keep more than
two cows.

The ordinance is not general in its operation. It does not affect
all citizens alike who follow the same occupation which it attempts
to regulate. It is only those persons who keep more than two cows
within the prohibited limits without the permission of the City
Council who are subject to the penalties in the ordinance. The dis-
cretion vested by the ordinance in the City Council is in no way
regulated or controlled. There are no conditions prescribed upon

32 ·

which the permit may be granted. It is within the power of the City Council to grant the privilege to some, to deny it to others.

The discretion vested in the Council is purely arbitrary. It may be exercised in the interest of a favored few. It may be controlled by partisan considerations and race prejudices, or by personal animosities. It lays down no rules by which its impartial execution can be secured, or partiality and oppression prevented. Yick Wo vs. Hopkins, 118 U. S. 356; Horr & Bemis, M. P. Ordinances, paragraphs 135, 136.

It was the evident intention of the Council in amending ordinance 3175 to prohibit dairies in other places than within the prescribed limits.

The amended ordinance, Section 3, grants twelve months' time to the proprietors or owners of all dairies now in existence in violation of the amended ordinance to move their dairies. But as the amendment to the ordinance only extends the limits within which dairies are prohibited, those who have them in pursuance of the permission from the mayor are exempt from its operations.

Section 4 of ordinance 3414 is open to the objections above stated. It is as follows:

"That henceforth no new dairies keeping more than two cows shall be established within the limits above named, under the same penalties as are now in force under existing ordinances."

This section establishes an inequality, granting to some persons, following the same occupation, privileges that are not extended to others.

The ordinances do not regulate dairies in the interest of the public health. One dairy may be a nuisance because the City Council has refused to give the required permission for its establishment; another may be perfectly harmless and in no way detrimental to public health because it exists by permission of the Council. They may exist along side of each other, both unobjectionable in their police regulations, and one a nuisance and the other a lawful establishment.

Both the original and amended ordinance violate equal rights among the class they are designed to affect, and are therefore necessarily void so far as they do so.

This opinion in no way conflicts with the views expressed in the case of the State vs. Gisch, 31 An. 544. In that case the ordinance

regulated private markets in pursuance of express legislative enact-
ment, by imposing a license upon them when they were conducted in
certain localities.   The ordinance affected all persons alike who were
engaged in the same occupation, and was free from the objections in
the ordinance under consideration.   Nor does this opinion conflict
with the opinion and decree in the case of Bozant vs. Cambell, 9 R.
411, in which the court was called on to deal with a municipal ordin-
ance prohibiting the establishment of private hospitals within certain
limits.   The court held that, as the Council had a right to repeal the
ordinance, it could do so partially and modify it so as to permit in
exceptional cases the erection of private hospitals within the pro-
hibited limits.

The instant case does not present the same features.   In the exer-
cise of its power in the interest of the public health, the court said
the council of the municipality had prudently exercised it.

It is therefore adjudged and decreed that the judgment appealed
from be annulled, avoided and reversed, and the suit of the City
against the defendants be dismissed with costs of both courts.

### ON APPLICATION FOR REHEARING.

The City Attorney asks for a rehearing in this case.

In the brief for the rehearing the City Attorney says:  " But should
your Honors determine that the question involved herein is to be
determined upon a possible instead of an actual case, we respectfully
submit that your Honors' decree should go no further than to de-
clare null the clause providing for previous permission from the City
Council."

We can not conceive of a more actual case for determination than
one wherein the defendant has been tried, convicted and sentenced
for the violation of the ordinance under consideration.

The ordinance made it an offence for keeping a dairy within pro-
hibited limits without permission from the City Council.   We did
not consider the right or power of the City to prohibit dairies within
the City limits.   This power is undoubted, when exercised in the in-
terest of the public health. · We distinctly asserted in the opinion
that this ordinance was not enacted in the interest of public health.
The permission to keep dairies within the limits, we said, negatived
this view.

It is true that a portion of an ordinance may be objectionable and

the other portions may be good, and in such cases that which is good remains.

What was the offence denounced in the ordinance? Keeping a dairy within certain prohibited limits without permission. Dairies were prohibited within certain limits without the permission of the City Council.

The City Council could, under the ordinance, permit as many dairies as they desired within the prohibited limits. As stated, the offence is keeping a dairy *without* permission. Strike this out and there would be no penalty. Therefore the permissive part of the ordinance was an essential and connected part of it, without which it would be only a prohibition. To declare the permissive part void, and to state that the penalty should remain, would be, on our part, legislation. It would be amending and reënacting the ordinance. This is the business of the City Council.

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Plaintiff and Appellee.