State vs. Dubarry.

No. 11,085.

The State of Louisiana vs. Jean Dubarry.

A city ordinance which declares that it shall not thereafter be lawful for any one to set up or establish a private market for the sale of meats, fish, vegetables, etc., without permission of the city council, is illegal and void, because the discretion vested by such an ordinance in the city council is; in no way, regulated or controlled, and prescribes no conditions upon which the permission shall be granted, leaving it within the power of the city council to grant or refuse the privilege, at pleasure.

APPEAL from the First Recorder's Court of New Orleans.
*Whitaker, J.*

---

*E. A. O'Sullivan*, City Attorney, and *Thos. R. Rozier*, Assistant City Attorney, for Plaintiff and Appellant:

1. Ordinance 6600, C. S., is constitutional.
2. Municipal corporations have the power to regulate markets and to pass such ordinances as are necessary for the preservation of public health and conduce to the public interest. State vs. Garibaldi, 44 An. —.
3. *Stare decisis.*

---

*W. J. Waguespack* for Defendant and Appellant:

1. An ordinance of a municipal corporation which punishes one class of individuals for doing that which under similar circumstances it permits to another class, and which, besides, clothes the council of the municipality with the arbitrary power to grant or refuse their consent to the establishment of a legitimate business, contravenes the fourteenth amendment to the.Constitution of the United States. Yick Wo vs. Hopkins, 118 U. S. 356; 6 Sup. Ct. R. 1069; State vs. Mahner, 43 An. 496; 9 South. R. 480; City of Baltimore vs. Radecke, 49 Md. 217; Dillon's Mun. Corp., Sec. 322 (256).
2. Under the provision of Act 116 of 1888, the city council can pass no ordinance vesting themselves with power of prohibiting private markets within the populous parts of the city.
3. The power to regulate private markets conferred upon the council by the Act of 1888 being general in its nature, and failing to specify the mode and manner of regulating an ordinance passed in pursuance thereto, must be a reasonable exercise of the power, or it will be declared invalid. Dillion's Mun. Corp.,Sec 328 (262) ; 13 Atlantic Reporter, 231; 16 Pick. 121, 125; 33 Ill. 416; 45 N. J. L. 310.
4. Whether an ordinance be or not reasonable is a question of law for the courts. Dillon's Mun. Corp., Sec. 327; 3 Pick. 462; 16 Pick. 121.
5. An ordinance of the council of New Orleans which, under the guise of regulating private markets, imposes conditions not only clearly unnecessary, but so difficult to be performed as to result in a prohibition of private markets in populous parts of the city, is unreasonable, *ultra vires,* and null and void. Act 116 of 1888; 14 Eng. and Am. Ency. of Law, 462; 16 Pick. 121, 125 .

The opinion of the court was delivered by

WATKINS, J.    The defendant prosecutes this appeal from a judgment and sentence imposed upon him for violation of city ordinance No. 6600, relative to the establishment of private markets in New Orleans.

In the recorder's court, the defendant assigned illegality and unconstitutionality of the ordinance, on the following grounds, viz. :

" 1. That the ordinance contravenes the fourteenth amendment to the Constitution of the United States, in that it is not general and equal in its operation, and in that it grants to a majority of the members of the city council the arbitrary power to give or refuse their consent to carry on a legitimate business in any place.

" 2.    That it violates Act 116 of 1888, and the Constitution of the State of Louisiana, in that its terms empower the council of the city of New Orleans to prohibit private markets in the populous parts of the city, and to create a monopoly.

" 3.    That in so far as it compels the defendant to establish his private market in a building flagged, sixteen feet high and three and one-half feet from any dwelling, it is unreasonable, oppressive and *ultra vires.*" Defendant's brief, p. 2.

The sections of the ordinance requiring interpretation read as follows, to-wit:

" SECTION 1. *Be it resolved,* That hereafter it shall not be lawfu for any one to set up or establish a private market for the sale of meats, fish, vegetables or other comestibles, except fruit, without permission of the city council, previously applied for by a written petition.

" SEC. 2. That the private market building occupied for such purposes must have proper flagging and ventilation, said building to be not less than ten (10) by fifteen (15) feet in superficial area, sixteen (16) feet in height, and the sides of said building not less than three (3) feet six (6 inches from any dwelling, and said building shall not be less than 2100 feet from any public market.

" SEC. 3. That no permit or license shall be issued for any private market until evidence that all the provisions of this ordinance have been complied with shall be produced."    Plaintiff's brief pp. 2 and 3.

We think it too clear for argument that the ordinance is illegal and void, by reason of the provision contained in the first section,

which makes the establishment of private markets *thereafter* to *depend* upon the applicant obtaining *"permission of the city council."*

The doctrine announced in State vs. Mahner, 43 An. 496, is strictly applicable. In that case we said:

"The objectionable feature of the ordinance"—Ordinance No. 3414 governing and controlling the limits within which dairies might be established—"is contained in the first section. This section prescribes the limits within which dairies may be conducted, by permission of the city council, and it is made unlawful to keep more than two cows without a permit from the city council * * *

" The ordinance is not general in its operation. It does not affect all citizens alike, who follow the same occupation, which it attempts to regulate. It is only those persons who keep more than two cows within the prohibited limits without the permission of the city council who are subject to the penalties of the ordinance.

*" The discretion vested by the ordinance in the city council is, in no way, regulated or controlled. There are no conditions prescribed upon which the permit may be granted. It is within the power of the city council to grant the privilege to some, to deny it to others.*

" The discretion vested in the council is purely arbitrary. It may be exercised in the interest of a favored few. It may be controlled by partisan considerations, and race prejudices, or by personal animosities. *It lays down no rules by which its impartial execution can be secured*, or partiality and oppression prevented."

The phraseology of Sec. 1 of Ordinance 6600, viz.: "without permission of the city council," is almost identical with that of Sec. 1 of Ordinance No. 3414, viz.: "without a permit from the city council."

Our decision in Mahner's case was based on the opinion of the Supreme Court in Yick Wo vs. Hopkins, 118 U. S. 346, to which this case is conformable in every particular.

This objection, lying at the foundation of the · rdinance as it does, and appertaining to the condition precedent on which private markets can alone be, thereafter, established, being sustained, there is no occasion that other grounds of objection thereto should be discussed.

It is, therefore, ordered and decreed that the judgment and sentence appealed from be annulled and reversed, and it is now or-

dered and decreed that Sec. 1 of city ordinance No. 6600 be and the same is hereby declared illegal and void, and that the defendant be discharged from prosecution thereunder at the cost of the city.