No. 11,535.

.ELIAS BLOCK & SONS VS. FERD. MARKS ET AL.

| | |
|---|---|
| 47 | 107 |
| 51 | 1290 |
| 47 | 107 |
| 105 | 724 |
| 47 | 107 |
| 115 | 292 |

The plaintiff in the revocatory action joining several defendant, alleged to have combined with their debtor to obtain an unlawful preference, may file their petition in the Civil District Court, and are not obliged to file the petition in each of the divisions in which the defendants are seeking, by means of attachments claimed to be collusive, to obtain the preference.

But the debtors must be made defendants if the debt of the plaintiffs is not liquidated by a judgment, and the judgment must be alleged.

The Civil District Court, comprised of *five divisions*, is still one court.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

*William S. Benedict* and *Percy S. Benedict* for Plaintiffs and Appellants.

*Lazarus, Moore & Luce* and *Dinkelspiel & Hart* for Defendants and Appellees.

The opinion of the court was delivered by

MILLER, J.   The plaintiffs, creditors of Theodore Lehman, allege that, colluding with three of his creditors, he is seeking through writs of attachment to give them a fraudulent preference in violation of the provision of law, that the debtor's property is the common.

pledge of his creditors; that in pursuance of the proceedings charged in plaintiffs' petition to have been preconcerted between the debtor and the three creditors he made no opposition to their attachments, suffered judgments by default against him and will permit the judgments to become final in order to effect the preference proposed to be conferred on the favored creditors.

The plaintiffs' petition was allotted to Division "B" of the Civil District Court. The attachment suits assailed are in other divisions. The defendants excepted on the grounds that the court, by which we understand Division "B," had no jurisdiction, because the other divisions had rendered judgments and maintained the attachments of the three creditors, and executions had issued before the filing of plaintiffs' suit, and hence Division "B" had no jurisdiction to examine and annul the judgments of the other divisions; (2) misjoinder of the defendants; (3) vagueness of the petition and no cause of action. From the judgment maintaining these exceptions plaintiffs appeal.

The petition substantially alleges that the debtor proposes to give, and the plaintiffs design to obtain through collusive judicial proceedings, a preference on the debtor's property to the prejudice of his other creditors. The relief sought is the annulling of the attachments and judgments, and that the proceeds proposed to be secured under the attachments and judgments be applied to pay the debt of the plaintiff. The revocatory action is given to the creditor for the purpose of avoiding contracts, assignments and preferences of the insolvent debtor, by which advantages are given to one or more creditors over others. Under our jurisprudence the action extends, in the expressive language of the decisions, to every device or contrivance of the debtor and favored creditor by which he obtains an advantage over other creditors. It has accordingly been held that the judgment and assignment of property, when in fraud of creditors under it, may be set aside by this action. The same principle has been applied to collusive attachments devised to give unlawful preference to creditors. Civil Code, Arts. 1970, 1977, 1978, 1983, 1984, 1989, R. S. 1804; Fennessy vs. Gonsoulin, 11 La. Rep. 419; Haas vs. Haas, 35 An. 885.

The argument for the defendants does not, as we appreciate it, controvert the scope of the action the law gives creditors with respect to transactions of the character charged in the petition. But

that argument directs attention to the fact the debtor is not made a defendant and the petition alleges no judgment against him.

The revocatory action must, the Code declares, be brought against the debtor and creditor proposed to be favored, unless the complaining creditor has obtained judgment against the debtor. Civil Code, Arts. 1972, 1975. We find no allegation in the petition of such judgment. The petition alleges the plaintiff is a creditor on notes and accounts, as shown by the record of the court. The plaintiffs insist this is a sufficient allegation that they are judgment creditors. In view of the statement in the brief that the judgment was obtained, we would prefer, if possible, to construe the petition so as to maintain its sufficiency. We can not, however, appreciate the petition as containing the requisite allegation in this respect. If the judgment is reversed on this ground, and there is a judgment, the plaintiffs can renew their suit, and in our opinion it will best accord with the justice of the case to remand the case with leave to amend the petition.

On the question of the right of the plaintiffs to join as defendants the creditors charged to have combined with the debtor to secure the preference, we have no doubt. Where parties are alleged to be acting together in the prosecution of a common purpose, they may be united in one suit. Therefore the exception of misjoinder should, we think, be overruled.

The Civil District Court, comprised of five divisions, is still one court. The petition in this case against several defendants, each prosecuting his suit assailed as collusive, in the division to which the suit is allotted, is, in our view, not required to be filed in each division. If the plaintiffs had the right to join the defendants in one suit, one filing was all that could be required. The petition asserts a right on the fund to be distributed, the subject of the attachment. In our view the plaintiffs' suit might be allotted to the court under whose process the property was first seized. Or, on the petition being filed, auxiliary oppositions might be filed in each division to stay the distribution until plaintiffs' rights were passed on. We think the rules of the District Court afford a solution of the question of practice. Violett et al. vs. Fairchild et al., 6 An. 193; Bank of Louisiana vs. Delery et al., 2 An. 648.

It is therefore ordered, adjudged and decreed that the judgment

of the lower court be avoided and reversed; that the cause be remanded, with leave to amend the petition, and that plaintiffs pay costs in both courts.