THE CITY OF OTTAWA v. CLARENCE BODLEY.

No. 13,430.    (72 Pac. 545.)

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS —*Depot Regulations.* A city of the second class has full authority to regulate railroad depots and depot grounds.

2. ———— *Hackmen—Ordinance Valid.* A regulation of a city requiring hackmen and others who solicit passengers at railway depots to occupy certain places designated by the city marshal is not invalid.

3. ———— *Contract between Hackman and Passenger.* The power of regulation is not limited or affected by any contract which a hackman may make with a passenger to meet him at a place other than that designated by the city marshal.

Appeal from Franklin district court; C. A. SMART, judge. Opinion filed May 9, 1903. Affirmed.

*F. M. Harris,* for appellee.

*Gamble & Costigan,* for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J. : Clarence Bodley appeals from a conviction for the violation of a city ordinance regulating hackmen and the drivers of other vehicles at the railway depots in Ottawa. Under the ordinance, the city marshal designated the positions to be occupied by each hack and vehicle while the drivers were waiting for passengers, but Bodley, a licensed hackman, ignored the order and went to another place, near an arriving train, where he secured a passenger in pursuance of a former appointment made with the passenger.

Ottawa is a city of the second class, and full authority is given to cities of that class to regulate depots and depot grounds. (Gen. Stat. 1901, § 1005.) A

Ottawa v. Bodley.

regulation of hackmen and others who solicit passengers at railway stations is in the interest of peace and good order, and obviously essential to the convenience and comfort of travelers. The placing of them under the direction and control of the city marshal is a reasonable and practical method of regulation. The power to designate the position for hackmen and solicitors of passengers must be placed in some one, and no reason is seen why it may not be properly given to the marshal, a peace officer whose duty it is to preserve order throughout the city. We think there was power to regulate hackmen, and that it has been exercised in a reasonable and valid way. (*City of St. Paul v. Smith*, 27 Minn. 364, 7 N. W. 734, 38 Am. Rep. 296 ; *Veneman v. Jones*, 118 Ind. 41, 20 N. E. 644, 10 Am. St. Rep. 100.) There can be no claim of discrimination in the regulation, and the mere fact that the defendant had a contract or arrangement to meet a passenger at a place other than that fixed by the city marshal does not enlarge his rights. The police power cannot be so limited.

The judgment is affirmed.

All the Justices concurring.