O’NIELL, J.
Defendant was prosecuted for operating a gasoline supply tank in front of bis automobile repair and supply establishment, at No. 4133 St. Charles avenue, in New Orleans, without having obtained a permit from the commission council of the city.
The ordinance which he was accused of violating, No. 2126 of the Commission Council Series, adopted February 2, 1915, and amended by Ordinance No. 5453, approved July 8, 1919, is as follows, viz.:
“Section 1. Be it ordained by the commission council of the city of New Orleans: That hereafter it shall be unlawful for any person, firm or corporation to install and operate gasoline supply tanks and pumps on the public thoroughfares of the city of New Orleans without a permit to do so having first been obtained from the commission council by ordinance and in accordance with the following provisions.
“(a) Applications for permit shall be submitted to the commissioner of public property.
“(b) Each application shall be accompanied by detailed drawing, in duplicate, showing the proposed location of the tanks and pumps, size and gallons capacity of the same, together with all connections for receiving and delivering gasoline.
“Sec. 2. Be it further ordained, etc.: That the following fee be and the same is hereby established as a charge for occupying public property in connection with the installing and operating of gasoline supply tanks and pumps: For tanks of 256 gallons or less capacity, $37.-50 per annum, and for tanks of more than 250 gallons capacity, 20 cents per gallon per annum for each gallon in excess of 250 gallons. The said fee shall be paid, through the commissioner of public finances, to the city of New Orleans, on the first day of January of each year; fees for fractional parts of a year shall be paid when permits are granted, and permits shall not be effective until said fees have been paid.
“Sec. 3. Be it further ordained, etc.: That the provisions of this ordinance shall also apply to movable tanks or pumps where same are used on the sidewalk or public thoroughfares of the city of New Orleans.
“Sec. 4. Be it further ordained, etc.: That all persons, firms or corporations who have already installed gasoline supply tanks and pumps on the public thoroughfares of the city of New Orleans shall be required to at once make application for permit in accordance with the terms, conditions, etc., of this ordinance, just as though the tanks and pumps had not already been installed.
“Sec. 5. Be it further ordained, etc.: That any person, firm or corporation who shall violate the provisions of this ordinance shall, upon conviction thereof before a court of competent jurisdiction, be fined not more than $25.00 or sentenced to imprisonment for not more than thirty days, or both, at the discretion of said court.”
The amendment made on July 8, 1919, was the adoption of the provisions of section 3, making the ordinance apply to portable tanks and pumps, and changing the numbers of the original sections 3 and 4, to 4 and 5, respectively.
Palmisano had been in the automobile repair and supply business at No. 4133 St. Charles avenue for about two years, operating portable tanks for supplying gasoline to automobiles in front of his establishment, when the ordinance was amended so as to apply to portable or movable tanks. He had a ten-year lease on the building and had recently renovated it at an expense of $2,-500.
Soon after the ordinance was amended so as to apply to portable tanks, Palmisano made application for a permit, and an ordinance was introduced by the commissioner of public property, proposing to grant the permit; but the ordinance was rejected by unanimous vote of the commission council, including the vote of the commissioner who had introduced the ordinance. Four weeks later, Palmisano was arrested by a police officer, on the complaint of some one on the other side of the street
The defendant filed a demurrer and motion to quash the affidavit, averring that the ordinance which he was accused of violating *521 was unconstitutional and null, being viola-tive of tlie Fourteenth Amendment of the Constitution of the United States, and of the corresponding provisions of the Constitution of this state, in that the ordinance denied the right to the equal protection of the laws, that it was not general and uniform in its operation, that it was discriminatory and arbitrary in character, that it conferred upon a majority of the members of the commission council the arbitrary power to grant or refuse permission to any citizen to carry on a legitimate business, that its purpose and effect was to create a monopoly of a legitimate business, and that it was intended to be an unwarranted and arbitrary interference with the constitutional right of the defendant to carry on a lawful business and to use and enjoy his property.
The demurrer and motion to quash were overruled, and a bill of exception was reserved to the ruling. The defendant then pleaded not guilty, and was tried and convicted, on the proof merely that he was operating his gasoline tanks without the permit required by the ordinance.
The city attorney argues that the ordinance is a legitimate exercise of the police power to regulate the sale of a combustible and therefore dangerous commodity, and in fact to regulate the sale of any commodity on the public thoroughfares of the city. The objection to the ordinance in question, however, is not that the police power of the municipality does not extend to the regulation of the sale of gasoline, or to the control and regulation of the use of the public thoroughfares for a private business. The objection is that the ordinance does not recognize the constitutional right of every citizen to the equal protection of the laws; that is, the ordinance does not guarantee or recognize that every citizen is entitled to stand before the law on equal terms with any and all others in a like situation, bearing the same burdens that are imposed upon all others in the same situation.
[1,2] The objectionable feature, which in our opinion makes the ordinance void, is that it does not prescribe any terms or conditions upon compliance with which a permit shall be granted, or without which it shall be withheld. Whether the ordinance was or was not intended to confer, it does in fact confer, upon the commission council, the arbitrary power to grant the permission to one and withhold it from another citizen in a like situation, to conduct what the ordinance concedes to be a legitimate business. It does not restrict the commission council to a legal discretion to be exercised upon consideration of the circumstances of each case. In fact, the ordinance recognizes that the business was being conducted on the sidewalks or thoroughfares of the city when the ordinance was enacted; and, whatever the purpose was, the effect was to give the commission council arbitrary power to leave any person, firm, or corporation in the business, and, to the advantage of the favored persons or firms or corporations, to put others, in a like situation, out of the business. An ordinance that purports to confer upon' any officer or tribunal the arbitrary control over all citizens in the exercise of a legitimate occupation or business, and to deprive all citizens in a like situation of the right to equal protection in such occupation or business, is not a law, but an attempt to make the arbiter in such case a law in himself. See Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; State v. Mahner, 43 La. Ann. 496, 9 South. 480; State v. Dubarry, 44 La. Ann. 1119, 11 South. 718; State v. Kuntz, 47 La. Ann. 107, 16 South. 651; Town of Crowley v. West, 52 La. Ann. 533, 27 South. 53, 47 L. R. A. 652, 78 Am. St. Rep. 355; State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 South. 999, 67 L. R. A. 70, *523 2 Ann. Cas. 92; and Cicero Lumber Co. v. Town of Cicero, 176 Ill. 9, 51 N. E. 764, 42 L. R. A. 704, 68 Am. St. Rep. 155.
Tbe conviction and sentence appealed from are annulled and it is now ordered that the prosecution be dismissed, and the defendant discharged.