(105 So. 247)

No. 27263.

STATE v. CARTER.

In re CARTER.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Constitutional law ⬅240(1) — Ordinance giving public officer authority to discriminate in favor of persons engaged in legitimate business violative of equal protection clause.**

A statute or ordinance, not prescribing any uniform rule of action, but vesting in public officer or commission authority to discriminate in favor of or against persons engaged in a legitimate business, is violative of equal protection clause of Const. U. S. Amend. 14.

**2. Constitutional law ⬅241—Statute prohibiting auto transport having more than seven passenger limit to exceed designated speed, without permit from highway commission, held violative of equal protection clause.**

Act No. 120 of 1921, § 11, making it a misdemeanor to drive passenger motor transfer of more than seven passenger carrying capacity at a speed in excess of 25 miles an hour, without special permit from Louisiana highway commission, *held* violative of equal protection clause of Const. U. S. Amend. 14.

B. F. Carter was convicted of an offense, and applies for writs of certiorari and prohibition. Conviction and sentence annulled, and relator ordered discharged.

Theus, Grisham & Davis, of Monroe, for applicant.

Percy Saint, Atty. Gén., E. R. Schowalter, Asst. Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro, for the State.

O'NIELL, C. J. The only question in this case is whether the provisions of the Act 120 of 1921 which make it a misdemeanor to drive a passenger motor transfer having a carrying capacity exceeding seven passengers at a speed exceeding 25 miles an hour, without a special permit from the Louisiana highway commission, is unconstitutional.

Relator was prosecuted and convicted on a bill of information charging that he "did willfully, feloniously, and maliciously drive a passenger motor transfer automobile having a passenger carrying capacity of more than seven passengers upon a public highway at a greater rate of speed than 25 miles per hour, without a special permit from the Louisiana highway commission, contrary to the form of the statute," etc.

The eleventh section of the Act 120 of 1921, p. 284, declares:

"Except by special permit from the commission [meaning the Louisiana highway commission], no passenger motor transfer of more than seven passengers carrying capacity shall exceed a speed limit of twenty-five miles per hour."

The second paragraph of the thirty-fifth section of the statute declares:

"That any person convicted of the violation of any provision of this act, or any person convicted of violating any rule or regulation made by the Louisiana highway commission, under the authority of this act, shall be guilty of [a] misdemeanor and upon conviction may for the first offense, by [meaning be] punished by a fine or [meaning and] not more than one hundred ($100.00) dollars or imprisoned for not more than thirty days; and for the second or any subsequent offenses, by a fine not exceeding five hundred ($500.00) dollars or imprisonment for not more than ninety days, provided that in either case the court may in its discretion impose both fine and imprisonment."

Relator filed a motion to quash the bill of information, contending that the eleventh section of the statute violated the equal protection clause in the Fourteenth Amendment of the Constitution of the United States. The motion was overruled, and a bill of exceptions was reserved.

[1, 2] Our opinion is that the eleventh section of the statute is violative of the Fourteenth Amendment. A statute or an ordinance which, instead of prescribing a uniform rule of action, undertakes to vest in a public officer or commission the authority to discriminate in favor of or against persons en-

gaged in a legitimate business or occupation or enjoying a common right by granting or withholding a license or permit or approval, arbitrarily or according to the officer's or commission's favoritism or whim, is violative of the equal protection clause of the Fourteenth Amendment. Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; State v. Mahner, 43 La. Ann. 496, 9 So. 480; State v. Dubarry, 44 La. Ann. 1119, 11 So. 718; State v. Kuntz, 47 La. Ann. 107, 16 So. 651; City of New Orleans v. Palmisano, 146 La. 518, 83 So. 789; City of Shreveport v. Herndon (No. 27077) ante, p. 113, 105 So. 244; 12 A. L. R. 1436.

We do not hold that the Legislature might not have adopted a uniform rule exempting from the speed limit the drivers of automobiles under specified conditions applicable to all persons alike, or exempting the drivers of certain classes of automobiles; e. g., ambulances, fire apparatus, police patrols. But the provision in the statute which the relator in this case was convicted of violating applies only to passenger motor transfers having a carrying capacity of more than seven passengers. The operation of such vehicles on the public highways is a legitimate commercial business. In so far as the statute undertakes to give the highway commission arbitrary authority to favor one or discriminate against another person engaged in the business, the statute withholds the equal protection of the law.

Relator contended also in his motion to quash the bill of information that the Act 120 of 1921 had several objects, and was therefore violative of the sixteenth section of article 3 of the Constitution. Having concluded that that part of the statute which the defendant was convicted of violating is unconstitutional, we find it unnecessary to express an opinion on the constitutionality of any other provision in the law. It is provided in the thirty-eighth section that, if any part or provision of the law be adjudged unconstitutional, the decree shall not affect any other part or provision.

The conviction and sentence are annulled, and it is ordered that the relator be discharged.