(105 So. 244)

No. 27077.

CITY OF SHREVEPORT v. HERNDON.

(June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law** ⚖➡62—**Ordinance vesting arbitrary discretion in public officer without definite rule unconstitutional.**

A statute or ordinance that purports to vest arbitrary discretion in a public officer, without prescribing a definite rule for his guidance, is unconstitutional.

2. **Municipal corporations** ⚖➡591—**Vesting of discretion in officer necessary, where prompt exercise of judgment required.**

Situations require vesting of discretion in officer charged with duty of enforcing ordinance, as where it is impracticable to lay down a definite rule, or where discretion relates to enforcement of police regulation, requiring prompt exercise of judgment.

3. **Municipal corporations** ⚖➡591 — **Ordinance giving officer unlimited discretion in prescribing rules for parking vehicles held unconstitutional.**

Ordinance No. 210 of 1923 of city of Shreveport, acting under commission form of government, provided by Act No. 302 of 1910, giving commissioner of public safety power to adopt and enforce rules prohibiting parking of vehicles, etc., within areas, and for time limited, to be designated by him within his discretion, *held* unconstitutional, as vesting arbitrary discretion in him, relating to legislative duty of enacting traffic ordinances, a duty which commission council itself should perform.

Land and St. Paul, JJ., dissenting.

Appeal from City Court of Shreveport; David B. Samuel, Judge.

Prosecution by the City of Shreveport of E. B. Herndon, Jr., for violation of a traffic ordinance. Defendant's demurrer was sustained, and the City appeals. Affirmed.

James U. Galloway and B. F. Roberts, both of Shreveport, for appellant.

George Thurber, of Shreveport, for appellee.

O'NIELL, C. J. The question in this case is whether a certain traffic ordinance of the city of Shreveport is valid. The defendant was prosecuted under an affidavit charging that he had parked his automobile longer than 15 minutes in a 15-minute parking zone in the 600 block on Market street in front of the office of the Western Union Telegraph Company in violation of the Ordinance No. 210 of 1923. He filed a demurrer, or motion to quash the affidavit, pleading that he was

not accused of any crime or offense, and that the ordinance was unconstitutional. The judge of the city court adjudged the ordinance unconstitutional, and therefore sustained the demurrer. The city has appealed from the decision.

The ordinance reads as follows:

"An ordinance delegating to the commissioner of public safety certain authority to enforce rules and regulations regarding traffic; providing penalty for the violation of the provisions of this ordinance.

"Section 1. Be it ordained by the city council of the city of Shreveport in legal and regular session convened, that the commissioner of public safety shall have the power to adopt and enforce the following rules:

"(a) Designating certain streets or parts of streets upon which there shall be no parking of vehicles, or upon which there shall be parking for only a limited time.

"(b) Excluding or restricting parking on designated streets during certain hours.

"(c) Prohibiting left-hand turns by vehicles at certain street corners.

"(d) Designating certain zones as loading and unloading zones, and restricting parking within limits of same by all vehicles other than commercial; establishing in these zones a limit of time during which commercial vehicles may stand for the purpose of loading and unloading.

"(e) Prohibiting vehicles from parking in front of any driveway or entrance to a building where such entrance provides ingress or egress to property other than alleys.

"Section 2. Be it further ordained, etc., that the commissioner shall have authority when he deems it necessary in the interest of public safety to close any portion of an alley or street to vehicle traffic or foot traffic, and to detour same.

"Section 3. Be it further ordained, etc., that where any special restriction shall be placed in effect by the commissioner of public safety, as above set forth, same shall be given to the public through the official journal of the city of Shreveport; and when said commissioner shall deem it necessary he shall place signs at such points showing the scope of such ruling.

"Section 4. Be it further ordained, etc., that any rule established by the commissioner of public safety may be revoked by a majority vote of the city council in regular session convened.

"Section 5. Be it further ordained, etc., that any person or persons violating any rule or rules established by the commissioner of public safety as outlined in this ordinance, shall be prosecuted in the city court of the city of Shreveport and, upon conviction, shall be fined not less than five ($5.00) dollars, nor more than one hundred ($100.00) dollars, and not more than sixty days in jail, or shall suffer both fine and imprisonment at the discretion of the court, and in default of payment shall work out said fine at the rate of one ($1.00) dollar per day.

"Section 6. Be it further ordained, etc., that each separate day that such violation shall continue shall constitute a separate offense."

The complaint in the defendant's plea is that the ordinance does not prescribe any parking rule or regulation for the guidance of the commissioner of public safety, but delegates to him the authority to make and enforce any such rule or regulation that he may deem proper at any time or place. Hence it is pleaded that the ordinance is violative of the due process clause and the equal protection clause of the Fourteenth Amendment of the Constitution of the United States, and the due process clause in section 2 of article 1 of the Constitution of the state. It is also pleaded that the ordinance violates the provisions of article 2 of the Constitution of the state, dividing the powers of government into the three departments, the legislative, executive, and judicial, and forbidding any officer in any one of the departments to exercise any power properly belonging to either of the other departments.

The city of Shreveport is under the commission form of government, provided by Act 302 of 1910. The city's attorneys say that the statute authorizes the commission council to delegate to the commissioner of public safety the authority to enforce traffic rules. The authority merely to enforce traffic rules or ordinances enacted by the commission council, however, does not include the authority to make the rules or ordinances in the unlimited way in which this ordinance undertakes to delegate the authority. The statute distributes the powers and duties of the commission council among five departments, viz.: (1) The department of public

affairs and public education; (2) of accounts and finances; (3) of public safety; (4) of public utilities; and (5) of streets and parks. The statute declares that the mayor of the city shall be superintendent of the department of public affairs and public education, and that one of the four councilmen shall be superintendent of each of the four other departments named.

There is nothing in the statute that purports to allow the council to delegate to the superintendent of any department the authority to adopt and enforce all rules and regulations pertaining to his department, in the form of penal ordinances, subject to revocation by a majority vote of the council itself. That is what this ordinance purports to do. It undertakes to delegate to the commissioner of public safety the power to adopt and enforce rules: (1) Prohibiting the parking of vehicles on any street or part of a street where he thinks parking should be forbidden; (2) fixing the limit of time in which parking shall be allowed, or the hours of the day during which it shall be allowed, on any street or part of a street decided on by him; (3) prescribing zones in which loading or unloading of vehicles will be allowed, and imposing such parking restrictions as he may see fit, within such zones, upon all vehicles not deemed commercial vehicles, and fixing the time limit which he may allow for loading or unloading commercial vehicles in such zones; (4) forbidding left-hand turns at any street corner or corners that he may decide upon; (5) prohibiting parking in front of private driveways or entrances to buildings; and (6) forbidding any or all traffic in any part of a street or alley, or detouring the traffic therefrom. The obligation imposed upon the commissioner to give notice to the public, through the official journal, of any special restriction that he may put into effect, and to place signs at such points, showing the scope of his ruling, "when said commissioner shall deem it necessary," does not satisfy the requirement that municipal ordinances—particularly penal ordinances—must be enacted by the council and be promulgated according to the general law on the subject.

[1, 2] The general rule is that any statute or ordinance that purports to vest arbitrary discretion in a public officer, without prescribing a definite rule for his guidance, is unconstitutional. 12 A. L. R. 1436; Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; State v. Mahner, 43 La. Ann. 496, 9 So. 480; State v. Dubarry, 44 La. Ann. 1119, 11 So. 718; State v. Kuntz, 47 La. Ann. 107, 16 So. 651; City of New Orleans v. Palmisano, 146 La. 518, 83 So. 789; City of New Orleans v. Badie, 146 La. 550, 83 So. 826; State v. Carter (No. 27263) post, p. 121, 105 So. 247. The rule is not without exception or modification, of course, because some situations, and some statutes or ordinances, in the very nature of things, require the vesting of discretion in a subordinate commission or in the officer charged with the duty of enforcing the statute or ordinance; e. g., where it is impracticable to lay down a definite or comprehensive rule, or where the discretion relates to the enforcement of a police regulation requiring prompt exercise of judgment. City of New Orleans v. Sanford, 137 La. 628, see page 647, 69 So. 35, L. R. A. 1916A, 1228.

Kenyon Hotel Co. v. Oregon Short Line Co., 62 Utah, 364, 220 P. 382, 33 A. L. R. 343, is an illustration of the exception to the general rule, viz.:

"A municipal ordinance fixing parking places for taxicabs and other motor vehicles near railroad depots, and prohibiting vehicles to park in the prohibited districts except in places provided by the railroad companies, and regulations made thereunder designating particular places for the vehicles of transportation companies and hotel companies and the public generally, held not invalid as unreasonable."

On the same principle is Veneman v. Jones, 118 Ind. 41, 20 N. E. 644, 10 Am. St. Rep. 100, viz.:

"A city has power to enact an ordinance authorizing police officers to prescribe the places where omnibuses, hacks and other vehicles shall stand at a railroad depot, and requiring drivers to obey the directions of such officers in regard to the places which their respective vehicles shall occupy."

And so, in City of Ottawa v. Bodley, 67 Kan. 178, 72 P. 545, it was held:

"A regulation of a city requiring hackmen and others who solicit passengers at railway depots to occupy certain places designated by the city marshal is not invalid."

[3] This ordinance of Shreveport, however, cannot be sustained on any argument or reason of expediency or necessity for immediate exercise of judgment on the part of the commissioner of public safety. Besides, the cases in which it has been found necessary and proper that a police regulation should leave some discretion to the officer charged with the duty of enforcing it, and not undertake to prescribe a definite or comprehensive rule for his guidance, relate to executive or administrative duties. Executive or administrative duties have reference to the execution or administering of existing laws or ordinances, not to the making of them. 1 Words and Phrases, Second Series, p. 117. The discretion which this ordinance undertakes to vest in the commissioner of public safety relates to the legislative duty of enacting traffic ordinances or rules of every kind relating to the parking of vehicles on the public streets. The commission council itself should perform that duty.

The judgment is affirmed.

LAND, J., dissents.

ST. PAUL, J. I respectfully dissent. Designating the streets in which there shall be no parking of vehicles, etc., under penalties provided for by a general ordinance, is no more an exclusively legislative function than the locating of fire hydrants near which there shall be no parking under penalties similarly provided, or the laying out of lawn and flower beds not to be trampled on under like penalties, etc.

It is certainly a legislative function to provide for the keeping of public streets free from congestion or for facilitating the extinguishment of conflagrations or beautifying public places, and to pronounce penalties against those who obstruct the legislative purpose; but the arrangement of *location and details* is a mere administrative function, just as it is a legislative function to provide for the regulation of congested traffic; but surely to the traffic officer may be left some discretion in directing the movement and location of vehicles, without specifying in the ordinance the number of minutes to be allowed for traffic going in this way and in that, and the precise spots in which they shall stop, stand, etc.

Traffic regulation is becoming a matter of *supreme importance* in this age; and details need constant changing to keep up with the rapid growth of traffic. If these *details* must be written into the law, any attempt to regulate traffic may be given over at the start; for in the time it takes to pass an ordinance conditions may have already so changed as to make the ordinance no longer practicable; and what was best yesterday may be all wrong to-day, and good again to-morrow.

I therefore dissent.