Relator is the owner of lot No. 124, Bellair subdivision of the city of *Page 219 
Shreveport. He applied to the building inspector of the city for a permit to erect a gasoline filling station and store building on said lot. The building inspector refused to issue the permit, and relator brought this mandamus proceeding to compel its issuance. From a judgment in favor of the respondent and against relator recalling and annulling the alternative writ of mandamus, and rejecting relator's demands at his cost, he appealed.
When relator's application for the permit was filed, there was then in force two ordinances of the city of Shreveport affecting his right thereto, viz. Ordinances Nos. 7 of 1922 and 235 of 1923. The day following the filing of relator's petition in this suit the city council of Shreveport adopted and promulgated, as an emergency measure, Ordinance No. 110 of 1924. The respondent pleads the three ordinances mentioned, and he annexes and makes them a part of his answer.
In State ex rel. Dickason v. Harris, 158 La. 974, 105 So. 33, this court decreed the nullity of Ordinances Nos. 7 of 1922 and 235 of 1923; but, prior to the handing down of that opinion, the lower court rendered judgment in this case, and based its judgment on the validity of those ordinances. It appears from the minute entry that in the oral reasons assigned for the judgment the district judge announced, as his opinion, that Ordinance No. 110 of 1924 was unconstitutional, but that Ordinances Nos. 7 of 1922 and 235 of 1923 were valid enactments, and were in force and effect. We note that the unconstitutionality of Ordinance No. 110 of 1924 is not pleaded in relator's petition or elsewhere in the record, and the court's judgment makes no reference whatever to it. Therefore, regardless of the reasons the trial judge may have given for the conclusions he reached, the judgment rendered does not pass upon the validity of that ordinance.
For the reasons stated, we are of the opinion that the district judge correctly recalled *Page 220 
the alternative writ of mandamus, and rejected relator's demands, and, therefore, the judgment appealed from is affirmed at appellant's cost.
 On Rehearing.
In handing down the opinion herein on the first hearing, we were under the impression that Ordinance No. 110 of 1924 was not attacked by any plea in the court below, and hence refused to pass upon the validity of that ordinance. We were in error in so thinking, for plaintiff attacked in the lower court the legality and the constitutionality of the ordinance on various grounds. Hence we have granted a rehearing to enable us to pass on the legality and the constitutionality of that ordinance.
Some of the grounds on which the ordinance is attacked as being illegal and unconstitutional are that it is unreasonable, oppressive, and discriminatory.
It appears that section 1 of the ordinance provides for the creation of residential zones or districts. Section 2 of the ordinance defines these zones, and section 3 reads:
 "That within the territory above described in section 2 herein (which) is declared to be a residential zone, there shall not be constructed any commercial or business houses or filling stations, public garage or any other business of any character unless an application shall be made therefor to the city council and the same receive the approval of the council by special ordinance amending this ordinance in each separate case."
Section 5 of the ordinance provides a penalty for erecting, without the authority of the council, a business house to be used for commercial purposes within the territory described in section 2, and further provides for the enforcement of the ordinance by injunction.
From the foregoing, it appears that the council proposes by this ordinance to prohibit the erection of business buildings within the residential zones established, save in such instances as it may grant, by special ordinance *Page 221 
on application made to it, permission to do so.
Plaintiff contends that the reservation as to the granting of permits in each separate instance, by special ordinance, on application made, makes the ordinance discriminatory and unconstitutional. In State v. Carter, 159 La. 121, 105 So. 247, we said:
 "A statute or an ordinance which, instead of prescribing a uniform rule of action, undertakes to vest in a public officer or commission the authority to discriminate in favor of or against persons engaged in a legitimate business or occupation or enjoying a common right by granting or withholding a license or permit or approval, arbitrarily, or according to the officer's or commission's favoritism or whim, is violative of the equal protection clause of the Fourteenth Amendment [referring to the Constitution of the United States]. Yick Wo v. Hopkins, Sheriff,118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220; State v. Mahner, 43 La. Ann. 496, 9 So. 480; State v. Dubarry, 44 La. Ann. 1119, 11 So. 718; State v. Kuntz, 47 La. Ann. 107, 16 So. 651; City of New Orleans v. Palmisano,146 La. 518, 83 So. 789; City of Shreveport v. Herndon,159 La. 113, 105 So. 244, 12 A.L.R. 1436."
In the case at bar the council does not seek to confer upon another the power to grant or withhold permits, but, instead, reserves that power to itself, or, in other words, the council, by the ordinance, seeks, as it were, to confer power upon itself to grant or withhold permits. But that difference between the case at bar and the Carter Case, from which the foregoing excerpt is taken, is immaterial. See State v. Mahner, 43 La. Ann. 496, 9 So. 480, and Hagerstown v. Baltimore Ohio R. Co., 107 Md. 178,68 A. 490, 126 Am. St. Rep. 382. What makes the ordinance objectionable is that it prescribes no uniform rule of action, applicable to all similarly situated, under which the council is to act in granting or withholding permits, but leaves it to the whim and fancy of the council to grant or withhold them. In our opinion the ordinance, because of this objectionable feature, which we think affects it in its entirety, is unconstitutional. We cannot separate the objectionable *Page 222 
feature from the rest of the ordinance without making it a materially different enactment, and hence the entire ordinance must fall.
For the reasons assigned, the judgment of the lower court is reversed and set aside, and it is now ordered that the alternative writ of mandamus that issued herein be made peremptory; that defendant issue said permit as prayed for; and that the costs of this proceeding be borne by him. It is further ordered that the right to apply for a rehearing be reserved to defendant.