On Rehearing.
In handing down the opinion herein on the first hearing, we were under the impression that Ordinance No. 110 of 1924 was not attacked by any plea in the court below, and hence refused to pass upon the validity of that ordinance. We were in error in so thinking, for plaintiff attacked in the lower court the legality and the constitutionality of the. ordinance on various grounds. Hence to have granted a rehearing to enable us to pass on the legality and the constitutionality of that ordinance.
Some of the grounds on which the ordinance is attacked as being illegal and uncon-, stitutional are that it is unreasonable, op-, pressive, and discriminatory.
It appears that section 1 of the ordinance provides for the creation of residential zones or districts. Section 2 of the ordinance defines these zones, and section 3 reads:
“That within the territory above described in section 2 herein, (which) is declared to be a residential zone, there shall not be constructed any commercial or business houses or filling stations, public garage or any other business of any character unless an application shall be made therefor to the city council and the same receive the approval of the council by special ordinance amending this ordinance in each separate case.”
Section 5 of the ordinance provides a penalty for erecting, without the authority of the council, a business house to he used for commercial purposes within the territory described in section 2, and further provides for the enforcement of the ordinance by injunction.
From the foregoing, it appears that the council proposes by this ordinance to. prohibit the erection of business buildings within the residential zones established, save in such instances as it may grant, by special ordinance *221 on application made to it, permission to do so.
Plaintiff contends- that the reservation as to the granting of permits in each separate instance, by special ordinance, on application made, makes the ordinance discriminatory and unconstitutional. In State v. Carter, 159 La. 121, 105 So. 2-17, we said:
“A statute or an ordinance which, instead of prescribing a uniform rule of action, undertakes to vest in a public officer or commission the authority to discriminate in favor of or against persons engaged in a legitimate business or occupation or enjoying a common right by granting or withholding a license or permit or approval, arbitrarily, or according to the officer’s or commission’s favoritism or whim, is violative of the equal protection clause of the Fourteenth Amendment [referring to the Constitution of the United States]. Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; State v. Mahner, 43 La. Ann. 496, 9 So. 480; State v. Dubarry, 44 La. Ann. 1119, 11 So. 718; State v. Kuntz, 47 La. Ann. 107, 16 So. 651; City of New Orleans v. Palmisano, 146 La. 518, 83 So. 789; City of Shreveport v. Herndon, 159 La. 113, 105 So. 244, 12 A. L. R. 1436.”
In the case at bar the council does not seek to confer upon another the power to grant or withhold permits, but, instead, reserves that power to itself, or, in other words, the council, by the ordinance, seeks, as it were, to confer power upon itself to grant or withhold permits. But that difference between the case at bar and the Carter Case, from which the foregoing excerpt is taken, is immaterial. See State v. Maimer, 43 La. Ann. 496, 9 So. 480, and Hagerstown v. Baltimore & Ohio R. Co., 107 Md. 178, 68 A. 490, 126 Am. St. Rep. 382. What makes the ordinance objectionable is that it prescribes no uniform rule of action, applicable to all similarly situated, under which the council is to act in granting or withholding permits, but leaves it to the whim and fancy of the council to grant or withhold them. In our opinion the ordinance, because of this objectionable feature, which we think affects it in its entirety, is unconstitutional. We cannot separate the objectionable feature from the rest of the ordinance without making it a materially different enactment, and hence the entire ordinance must fall.
For the reasons assigned, the judgment of the lower court is reversed and set aside, and it is now ordered that the alternative writ of mandamus that issued herein be made peremptory ; that defendant issue said permit as prayed for ; and that the costs of this proceeding be borne by him. It is further ordered that the right to apply for a rehearing be reserved to defendant.