5 So.2d 312

**CITY OF BATON ROUGE v. SHILG.**

No. 36369.

Dec. 1, 1941.

George M. Wallace and Wade O. Martin, Jr., both of Baton Rouge, for appellant.

Roland C. Kizer, City Atty., of Baton Rouge, for appellee.

FOURNET, Justice.

Mrs. Donald Shilg having been convicted of parking overtime, in violation of Section 24 of Article V of the Traffic Ordinances of the City of Baton Rouge, and sentenced to pay a fine of $1, or in default thereof to serve one day in jail, has appealed.

It appears that Mrs. Shilg was given a traffic violation "ticket" on May 23, 1941, for parking overtime in the third block of Convention Street in the City of Baton Rouge, commanding her to present the "ticket" at the police station within the next twenty-four hours. Having failed to do this the judge of the City Court issued a subpœna ordering her to appear at the court on June 2, 1941, at four in the afternoon, which order Mrs. Shilg also failed to answer. She was then arrested and brought into court in pursuance to a bench warrant issued by the court, at which time the court instructed the desk sergeant to release her upon her furnishing bond in the amount of $25, which she refused to furnish until she had actually been placed in jail for a few minutes. The case was subsequently set for trial on June 6 and, on that date, Mrs. Shilg appeared and filed a demurrer to the charge, attacking the constitutionality of the ordinance she was alleged to have violated, the pertinent part of which ordinance reads as follows:

"It shall be unlawful for the driver of any vehicle to allow or permit said vehicle to remain parked or standing in the area bounded on the east side by the east side of Fifth Street, on the south by the south side of North Boulevard, and on the west by the west side of Front Street, and on the north by the north side of North Boulevard, between the hours of 8:00 o'clock, A. M., and 6:00 o'clock, P. M., *for a longer period than those established by the Chief of Police,* without moving or changing said vehicle from its parked or standing place during said period." (Italics ours.)

The basic allegations of the demurrer are, in effect, that the traffic ordinance under which she was charged is (1) ultra vires the powers of the Commission Council of the City of Baton Rouge for the reason (a) that the legislature has never conferred on the council the power to regulate the use of the streets of the city by motor vehicles, except in the case of those motor vehicles used for hire, and, in the alternative, (b) that the authority delegated to the Chief of Police by Section 24 of Article V of the Traffic Ordinances is an unauthorized delegation of legislative power; and (2) that the charge upon which she was tried and the manner in which she was summoned was not in accordance with the mandatory provisions of the law of the state and that she was, consequently, deprived of her liberty without due process of law.

Counsel for the appellant concede in their brief that the City of Baton Rouge has been given the authority by the legislature of the state to regulate traffic upon the streets of the city but contend that the portion of the ordinance authorizing the

Chief of Police to arbitrarily fix the time within which motor vehicles can be parked on certain designated streets without prescribing a rule for his guidance in the fixing of such time, was an unauthorized delegation of legislative power by the Commission Council in the enactment of the said ordinance.

On the other hand, counsel for the city argues in brief that in this case "The function of the Chief of Police was administrative, not legislative. For the proper enforcement of its ordinance, the City legislative body may delegate a power to an officer to determine some fact or state of things upon which the ordinance makes or intends to make its own action depend."

█ From a review of the authorities, we find the generally accepted rule to be that a statute or ordinance vesting arbitrary discretion in a public official without prescribing fixed and definite rules or specific conditions for the official's guidance is unconstitutional. See 12 A.L.R. 1435–1455; 72 A.L.R. 229–232; Vol. 1 McQuillin on Municipal Corporations, 2d Ed., 1102, Sections 395 through 399; City of Shreveport v. Herndon, 159 La. 113, 105 So. 244; State v. Maitrejean, 193 La. 824, 192 So. 361, and the authorities cited in these various sources. But, as was pointed out in the Herndon case [159 La. 113, 105 So. 246], "The rule is not without exception or modification, * * * because some situations, and some statutes or ordinances, in the very nature of things, require the vesting of discretion in a subordinate commission or in the officer charged with the duty of enforcing the statute or ordinance; e. g., where it is impracticable to lay down a definite or comprehensive rule, or where the discretion relates to the enforcement of a police regulation requiring prompt exercise of judgment." See, also, City of New Orleans v. Sanford, 137 La. 628, see page 647, 69 So. 35, L.R.A.1916A, 1228.

█ A mere reading of the ordinance in question will show that the functions delegated to the Chief of Police in this case were not merely administrative, but, in fact, legislative. Furthermore, it does not appear, nor has it been pointed out to us, that it was impractical for the Commission Council to lay down a definite or comprehensive rule for the guidance of the Chief of Police, or that the discretion granted him required the prompt exercise of his judgment. Consequently, the Commission Council having failed to designate the "fact or state of things upon which the ordinance makes or intends to make its own action depend," the ordinance, to that extent, is null and void.

The cases which have been cited by the appellee to sustain its position, are not pertinent to the issues raised here.

Having reached this conclusion, it is unnecessary for us to consider the other points raised in the demurrer, as well as those raised in the motions to quash, in arrest of judgment, and for a new trial.

For the reasons assigned, it is ordered that the verdict and sentence appealed from are annulled and set aside.