ELLIS, Judge.
Plaintiff Lester J. Summerell purchased a piece of property in October, 1967, with the intention of constructing thereon a trailer park. At the time he acquired the property, it was located in an area zoned Rural and there existed no ordinances or laws prohibiting the establishment of a trailer park in that location. Plaintiff engaged an engineer to prepare plans and specifications for the construction of a trailer park on his property, and on May 20, 1968, made formal application to the City- *787 Parish Permit Department for a building permit.
The permit was denied on the basis of a resolution, No. 7666 adopted by the City-Parish Council of East Baton Rouge Parish on April 24, 1968, which directed the defendant, the building official of East Baton Rouge Parish, to issue no permits for trailer parks pending further instruction of the Council. It is admitted that had it not been for the existence of the resolution, the permit would have been issued routinely.
On July 30, 1968, the petition herein asking for a writ of mandamus to compel the issuance of the building permit by defendant was filed. Various exceptions and an answer were filed on behalf of the defendant and following trial on the merits, the matter was taken under advisement by the trial court. On September 24, 1968, for written reasons, the district court rendered judgment in favor of plaintiff, overruling the various exceptions and issuing the writ of mandamus prayed for herein. The judgment was signed on that same day.
On September 25, 1968, the City-Parish Council of East Baton Rouge Parish adopted Ordinance No. 2876, which had the effect of forbidding the issuance of a permit for a trailer park in a rural district unless a special “T” district is created by amendment of the zoning ordinance by the City-Parish Council. On September 26, 1968, within the delay provided by law, an application for a new trial was filed on behalf of James W. Phillips. The new trial was granted and after a hearing, the court, for written reasons, rendered judgment in favor of defendant and against the plaintiff, dismissing plaintiff’s suit at his cost. Plaintiff has appealed.
Ordinance 2876 reads, in part, as follows:
“2.213 T Trailer Park or Mobile Home District
“No trailer or mobile home shall be permitted in any district, except in a T
Trailer Park or Mobile Home District. A T Trailer Park or Mobile Home District may be established in any area previously designated Al, A2, A3, A4, A5, B, Bl, Cl, C2 and R Districts only after submission of a layout in compliance with the following criteria, and the adoption of an amendment to this ordinance creating and establishing such District, said amendment to be considered and adopted in the manner provided by L.R.S. 33:4724-4725, and Part Ten of this ordinance. All trailer parks or mobile home parks shall secure approval of the Parish Health Unit on the method of sewage treatment and disposal and on the public water supply, and shall be built in accordance with the following minimum construction standards:
“(1) Individual trailer sites may be leased or rented but not subdivided or sold.
“(2) A minimum site of 3 acres would be required with a minimum frontage of 200 feet, on a publicly maintained street or road.
“(3) Maximum density would be 12 trailer sites per acre.
“(4) Minimum improvement requirements for private drives within the trailer park would be 23' back to back of curb in a 35' width between building lines with underground storm drainage and pavement construction of at least 6" soil cement base and 11/2" of asphaltic concrete surface.
“(5) Where only one drive is to be provided, each trailer park shall include an adequate circular turnaround at the rear of the property with a minimum radius of 30/ for garbage trucks and other vehicles.
“(6) Minimum lot size would be 30 foot front by 75 foot depth.
“(7) Each trailer site would have two two-foot wide concrete runners 6" thick for the trailer location and a 4" thick,
*788 10' x 26' concrete parking pad, to be measured from the back of curb at the front of the site.
“(8) If garbage hoppers are to be provided then 2 shall be provided for each 20 trailer sites with the same type and specifications as apartment developments.
“(9) Each trailer site shall be provided with a sanitary sewer connection and each trailer park shall be provided with a collection and treatment system and public water supply in compliance with the standards of the Parish Health Unit and the State Health Department.
“(10) There may be established a separate or optional area for overnight campers which area shall be provided with central public facilities.
“(11) Where T Trailer Park or Mobile Home Districts are established adjacent to residential districts, a fence at least S' high and 90% solid shall be provided along side and rear property lines.”
The remainder of the ordinance contains amendments to various sections of the zoning law to make them consistent with the creation of the “T” district. It contains no guidelines or criteria to be followed by the council in the creation of a “T” district beyond those set forth above.
In the case of State ex rel. Dickson v. Harrison, 161 La. 218, 108 So. 421 (1926), we find the following language:
“In State v. Carter, 159 La. 121, 105 So. 247, we said:
“ ‘A statute or an ordinance which, instead of prescribing a uniform rule of action, undertakes to vest in a public officer or commission the authority to discriminate in favor of or against persons engaged in a legitimate business or occupation, or enjoying a common right by granting or withholding a license or permit or approval, arbitrarily, or according to the officer’s or commission’s favoritism or whim, is violative of the equal protection clause of the Fourteenth Amendment (referring to the Constitution of the United States). Yick Wo v. Hopkins, Sheriff, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; State v. Mahner, 43 La.Ann. 496, 9 So. 480; State v. Dubarry, 44 La.Ann. 1119, 11 So. 718; State v. Kuntz, 47 La.Ann. 107, 16 So. 651; City of New Orleans v. Palmisano, 146 La. 518, 83 So. 789; City of Shreveport v. Herndon, 159 La. 113, 105 So. 244, 12 A.L.R. 1436.’
“In the case at bar the council does not seek to confer upon another the power to grant or withhold permits, but, instead, reserves that power to itself, or, in other words, the council, by the ordinance, seeks, as it were, to confer power upon itself to grant or withhold permits. But that difference between the case at bar and the Carter Case, from which the foregoing excerpt is taken, is immaterial. See State v. Mahner, 43 La.Ann. 496, 9 So. 480, and Hagerstown v. Baltimore & Ohio R. Co., 107 Md. 178, 68 A. 490, 126 Am.St.Rep. 382. What makes the ordinance objectionable is that it prescribes no uniform rule of action, applicable to all similarly situated, under which the council is to act in granting or withholding permits, but leaves it to the whim and fancy of the council to grant or withhold them.”
An examination of Ordinance 2876, in the light of the above holding, reveals it to be clearly unconstitutional. The Council would create a “T” district at the request of one individual, and refuse it for another similarly situated. In order to meet the test of constitutionality, a zoning ordinance must set forth sufficient guidelines and criteria to insure that all those similarly situated will be treated alike.
Defendant argues that we may not consider the constitutionality of the above ordinance, since the question was not raised in the lower court. The authorities relied on by him do not apply, since the adoption of Article 2164 of the Code of *789 Civil Procedure permits appellate courts to decide the case on the record, without reference to the issues passed on by the trial court.
It is not argued by the defendant that the trial court committed any error in ordering the permit to issue to plaintiff prior to the adoption of the above ordinance. However, we have examined the record and have concluded that, in so doing, the trial judge was eminently correct.
We are of the opinion that Ordinance No. 2876 is unconstitutional, and that the plaintiff is entitled to receive a permit in the absence of a valid statutory prohibition. The judgment appealed from is therefore reversed, and there will be judgment herein in favor of plaintiff and against respondent, issuing a writ of mandamus commanding the parish building official, James W. Phillips, to issue a building permit to Lester L. Summerell for the construction of a mobile park, in accordance with his application. All costs are to be paid by respondent.
Reversed and rendered.