## ENGEL v. O'MALLEY.

## KOHAN v. O'MALLEY et al.

(Circuit Court, S. D. New York. August 31, 1910.)

1. CONSTITUTIONAL LAW (§ 42*)— VALIDITY OF STATUTE — PERSONS ENTITLED TO QUESTION.

The constitutionality of a state statute providing for the licensing of private banks cannot be attacked, on the ground that it permits the licensing only of persons who have been residents of the United States for five years, by one who has been a resident for such length of time, and is therefore not affected by the provision.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 39; Dec. Dig. § 42.*]

2. LICENSES (§ 7*)—REGULATION BY STATE—CONSTITUTIONALITY OF STATUTE.

Laws N. Y. 1910, c. 348, providing for the licensing of private bankers and regulating their business, is not unconstitutional because it vests in the State Comptroller the power to "in his discretion approve or disapprove the application" for a license, which is to be construed as giving him power to refuse a license only in the honest exercise of reasonable discretion, and not capriciously or arbitrarily; nor because it exempts

from its provisions individuals or partnerships "where the average amount of each sum received on deposit or for transmission by such individual or partnership in the ordinary course of business" during the preceding fiscal year shall not be less than $500, such classification being reasonable and consistent with the evident purpose of the act to protect small depositors.

[Ed. Note.—For other cases, see Licenses, Dec. Dig. § 7.*]

3. COMMERCE (§§ 43, 44*)—PRIVATE BANKS—REGULATION BY STATE—CONSTITUTIONALITY OF STATUTE.

The business of private banking is not interstate commerce, and a state statute regulating the same is not in violation of the commerce clause of the Constitution.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. §§ 43, 44.*]

In Equity. Suits by Morris Engel against Edward R. O'Malley and by Samuel Kohan against Edward R. O'Malley and others. On motion in each case for preliminary injunction and demurrer to complaint. Motions overruled, and demurrers sustained.

Robert C. Beattie and Charles Dushkind, for complainants.
Louis Marshall, for defendants.

LACOMBE, Circuit Judge. These causes were argued on August 24th, and the briefs reached the court on August 27th. The sole question raised is as to the constitutionality of chapter 348 of the Laws of 1910, which it is contended violates the Constitution of the United States. That act goes into effect on September 1st, and it is asked that decision be rendered not later than August 31st. The briefs are voluminous, with references to many authorities, and the time is too short to write an elaborate opinion discussing the points involved. The arguments have been carefully considered, and the more important authorities cited have been referred to. The following brief statement of conclusions is all that can be prepared in time to accompany the decision.

1. The objection that the statute requires five years' residence in the United States is one which cannot be availed of by either of these complainants, both of whom have been residents for a much longer time.

2. As to the contention that the statute confides the issuing of a license to the arbitrary discretion of the Comptroller, it is sufficient to say that its terms may be construed either way; that is, as giving such officer the power capriciously to refuse a license, or as giving him the power to refuse only in the honest exercise of a reasonable discretion. In the absence of a decision by the state court of last resort construing the language of the statute, it must be assumed that the latter is the correct interpretation, because otherwise the act would be unconstitutional, and it must be assumed that the Legislature intended to keep its enactments within the limit fixed by the Constitution.

3. I am not persuaded that there is anything unreasonable in a classification based, not on the volume of business done, but on the amount

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of individual transactions. There may be good reason for providing special and greater safeguards for those small depositors, who presumably are without sufficient means to safeguard themselves.

4. I am not satisfied that the business regulated by the act is interstate commerce.

The motions are denied, the demurrers sustained, and the bills dismissed, with costs.