BRÜNOT, J.
 

 Joseph V. Harrington died July 21, 1924. His succession was opened by Mrs. Bertha A. Harrington, his widow, who accepted the community with the benefit of inventory. No will was presented for probate. The estate of deceased consisted of personal property, and one piece of real estate. All ’of the personal property belonged to the community of acquets and gains existing between the deceased and his surviving spouse. The deceased left neither ascendants nor descendants, and, therefore, the widow is the owner, in her own right, of one-half of the community. C. C. art. 915. And, as this article is amended by Act 57 of 1910, and Act 80 of 1916, she inherits the half of the com-' munity which her husband owned at the time of his death. She prays to be recognized as the owner of one-half of the community in her own right, and to be sent into possession of the other half of the community as owner by inheritance from her deceased husband of the half of the community owned by him.
 

 Mary Louise Harrington, a sister, and a collateral heir of the deceased, thereupon filed an application to the court in which she alleged that deceased loft a last will and testament, and she obtained an order of court directing the notary who had been designated to make an inventory of the property of the estate to notify her of the time of taking the inventory thereof, and later she filed a petition of intervention, in which she alleges that Mrs. Bertha A. Harrington was never married to the deceased; that she has no interest in his estate; and that petitioner is the sole surviving relative of the deceased, and is entitled to inherit the entire estate of the deceased to the exclusion of all other persons. She prayed, in the alternative, that, if the marriage of Joseph V. Harrington and Bertha A. Harrington be proven, she be recognized as the sole heir at law of the deceased, and, as such, that she be sent into possession of all of the separate property which the deceased owned at the date of his death. The issues thus presented were tried, and the court rendered judgment thereon rejecting the demands of Mary Louise Harrington, and dismissing her suit at her cost. From this judgment she appealed.
 

 It is not necessary to review the evidence in detail. There is no proof in the record of the existence of a will or that the deceased ever made a will. It is conclusively shown by documentary and oral testimony that Joseph V. Harrington and Bertha A. Verdolyack were married in Cook county, state of Illinois, on September 6, 1905, by Harry Moore, pastor, at Grace Episcopal Church, and that a license for the marriage of the parties named was issued on the same day by the county clerk of Cook county, 111. It is also conclusively shown that Joseph V. Harrington and Bertha A. Harrington were never divorced, and that their marital relation continued uninterruptedly until the death of Joseph V. Harrington; that the estate of the deceased consists principally of personal property, all of which was acquired during the marriage, and belonged to the community of acquets, and gains resulting therefrom; and that the deceased left neither ascendant nor descendants.
 

 
 *225
 
 Mary L. Harrington has practically abandoned all of the contentions and demands except her claim, as the sole heir of the deceased, to a piece of real estate in the city of New Orleans, which the deceased owned and occupied as a residence at the time of, and for many years prior to, his death. She contends that this property was acquired by the deceased before his marriage to Bertha A. Harrington, and that it was his separate property. In support of her contention, she offered a certified copy of an act of sale dated October 27, 1904. By this deed Joseph V. Harrington acquired the property from Miss Laura Rusha for a cash consideration. Miss Harrington also offered a certified copy of an act of sale of the same property by Joseph Y. Harrington to herself, dated January 20, 1905. The consideration stated in the deed is $1,800, of which sum, $600 was paid in cash, and the balance, or $1,200 was represented by notes secured by vendor’s lien and mortgage upon the property. This deed appears in the transcript. A little more than eight months after this sale the deceased qnd Bertha A. Verdolyack were married. On January 29, 1909, or a little more than four years after Miss Harrington purchased the property from her brother, and three years and some months after the deceased and Miss Verdolyack were married, Joseph V. Harrington repurchased the property from his sister, and paid therefor $1,934. Of this sum $350 was paid in cash, and the balance of the purchase price was the sum of the mortgage notes and accrued interest thereon which was due and owing by Miss Harrington as the result of the sale to her on January 20, 1905. These notes, with the accrued interest thereon, amounted to $1,584, and they were surrendered and canceled as a part of the purchase price of the property, which notes and interest, together with the cash payment, amounted to $1,934.
 

 It' is our opinion that, upon the repurchase of this property, it fell into the community of acquets and gains, but that the sum of the mortgage notes, with accrued interest thereon to the date of the marriage which were surrendered and canceled as in part payment of the price of the repurchase of the property, belonged to the separate estate of the deceased, and that Mary Louise Harrington, his sister and sole heir, is entitled, as such, to that sum. Counsel have cited a number of authorities which treat of the retrocession of property for the nonpayment of the purchase price. That is not the exact point presented in this case. The property here was not retroceded for nonpayment of the purchase price. It was repurchased by the vendor for a consideration in excess of the price for which he sold the property, but in the repurchase of the property the price therefor was paid partly out of community funds and partly out of funds which belonged to the separate estate of the deceased.
 

 Por these reasons the judgment appealed from is avoided and reversed, and it is now ordered that Miss Mary Louise Harrington be recognized as the sole heir at law of Joseph V. Harrington, deceased, and, as such, that she be decreed the owner of the separate property owned by the deceased at the date of his death, which property consists of the sum of the notés and accrued interest thereon from January 20, 1905, to September 5, 1905, which were surrendered and canceled in part payment of the purchase price of the property described in the deed from Mary Louise Harrington to Joseph V. Harrington, dated January 20, 1909, the sum total of which is $1,260, and for the costs of this proceeding.
 

 O’NIELL, O. J.,
 

 is of the opinion that the debt due by the community to the separate estate is not claimed in opponent’s pleadings, and that the' judgment, therefore, should be affirmed.