OVERTON, J.
 

 This is a suit to enjoin the city of New Orleans, its commission council and other officers from interfering with plaintiff ’ in the pursuit of its mortuary and undertaking business, located at No. 3338 St. Charles avenue, in the city of New Orleans, under the pretext that the operation of such business, 'at that location, is a violation of some city ordinance.
 

 Several- property owners in the neighborhood intervened in the suit', joining defendants therein. A preliminary' injunction was issued in due course. On the trial of the ease on the merits the injunction whs perpetuated, and the intervention of the property owners was rejected. The city of New Orleans-haft-appealed, but the interveners hate not.
 

 In October, 1919, plaintiff leased the property No. 3338 St. Charles avenue, and has been in possession of it ever since. Plaintiff’s purpose, in acquiring possession of the property, was to establish a mortuary or undertaking establishment there. Business has encroached somewhat upon this section of St. Charles avenue, although not to such an extent as to cause it to lose its primary character as a residential section of the city. There are Still costly residences in the neighborhood, which are occupied as residences.. In fact,
 
 *363
 
 ■Si. Charles avenue is reputed to be the prin'cipai residential street in the city, in that it has more costly and palatial residences on it than any other street therein, although, it may be said, the lower part of the avenue, for some blopks, is being given over to business.
 

 The property occupied by plaintiff was built for a residence. Plaintiff has made alterations in it, but from the outside it still has the appearance of a residence. When it was leased by plaintiff there was in force ordinance No. 9028, N. C. S., adopted October 30, 1912, prohibiting the conducting of business on St. Charles avenue from the upper end of Lee’s Circle to Carrollton avenue, with the exception of the boarding house, apartment house, and hotel businesses, it being the declared purpose of 'the ordinance to confine the area, with these exceptions, to residential purposes.
 

 ; Between the date of the passage of the foregoing ordinance and June 2, 1926, the city of .New Orleans enacted one or two ordinances of like effect as the foregoing. On the latter . date the city adopted ordinance No. 9108, C. . C. S., on which -the city relies in the event a later ordinance is found to be illegal or unconstitutional, in whole or in part. Ordinance No.,-9108, C. C. S. unzoned for business purposes, as appears from section 1 thereof, the four corners of St. Charles and Louisiana avenues, extending 160 feet in all directions on those avenues. This includes the site of plaintiff’s premises. Certain businesses, however, were excluded from the unzoning. Those appear in section 3 of the ordinance, which reads as follows:
 

 .! “No boiler shops,
 
 mortuary establishments,
 
 public garages, auto repair shops, public warehouses, butcher shops, groceries, bakeries oi hospitals may be established within the above released area other than those which axe presently located and as presently operated.” (Italics ours.)
 

 On June 1, 1929, the city adopted what is known as the “Comprehensive Zoning Ordinance,” which is ordinance No. 11,302, C. C. S. Subsection 1 of section 2 of the ordinance prohibits, among other things, the use of any building or premises for any purpose other than is permitted in the district in which such building or premises is located.
 

 The property of plaintiff is located on one of the four corners of St. Charles and Louisiana avenues, which falls within one of the classifications of the ordinance, as commercial districts “E,” “F,” and “G.” As to this, there seems to be no dispute.
 

 Section 6 of the ordinance provides that, “In the ‘E,’ ‘F,’ and ‘G’ commercial districts all buildings and premises except as otherwise provided in this ordinance may be used for any use permitted in apartment districts or for another use except the following.” Then appear a number of exceptions to the uses permitted, one of them being exception No. 16. This exception, which prohibits the conducting of mortuary establishments at plaintiff’s location, save under a condition named, reads as follows: “Mortuary establishments except when granted upon the expressed permission of the commission council.”
 

 Plaintiff has no permit under exception No. 16 to conduct a mortuary establishment at its location. It urges that this exception was illegally passed, in that it was incorporated in the ordinance without a compliance with
 
 *365
 
 the provisions of the city charter, and also that it violates the Fourteenth Amendment of the Constitution of the United States, in that it permits of unlawful discriminations.
 

 It is not necessary for us to decide whether or not the exception was lawfully incorporated in the section of the ordinance containing it. It suffices to say that the exception is unconstitutional, in that it violates the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. It is unconstitutional because the ordinance places it within the power of the council to grant or withhold permits, in the exercise of its administrative powers, according to its whim and fancy, thereby placing itself in position to display favoritism by granting its consent to one while refusing it to another under similar circumstances. Seattle Trust Co. v. Roberge, 278 U. S. 116, 49 S. Ct. 50, 73 L. Ed. 210; Yick Wo v. Hopkins, Sheriff, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; State ex rel. Dickson v. Harrison, Building Inspector, 161 La. 218, 108 So. 421; State v. Carter, 159 La. 121, 105 So. 247.
 

 While the exception is unconstitutional, yet this does not affect the remainder of the section, for, “Where the portion of an ordinance which is invalid is' distinctly separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected and the remainder will stand as valid and operative.” 43 C. J. p. 547, § 854.
 

 In this instance, we think, after rejecting exception No. 16, as unconstitutional, there remains a complete section and ordinance capable of enforcement.. Therefore it is unnecessary to go further than to reject the exception. It would not do to reject part of the exception and retain the remainder, that is, to reject the part requiring the permit and retain the part prohibiting mortuary establishments, for the two parts are not distinctly separable, but are so related that both must stand or both must fall. The rejection of the entire exception, while retaining the remainder of the section, does not, from a legal standpoint, interfere with the general plan of the ordinance or the legislative intent. This appears from the fact that, by making the conducting of mortuary establishments in the district subject to the will of the council, acting in an administrative capacity, without reference to any standard or rule prescribed by legislative action, the council, by doing so, failed to find that the conducting of mortuary establishments in the district was out of harmony with the public interest and with the general scope and plan of the zoning ordinance. Seattle Trust Co. v. Roberge, 278 U. S. 116, 49 S. Ct. 50, 73 L. Ed. 210. We are aided, to some extent, in declaring a part of the ordinance unconstitutional without declaring the remainder of it void, by section 33 of the ordinance, which provides that, if any section, sentence, clause, or phrase of the ordinance is held to be unconstitutional, the ruling shall not affect the remaining portions of the ordinance, which shall be continued in full force and effect.
 

 With the foregoing exception eliminated from the ordinance, there is 'no prohibition in it against conducting a mortuary establishment in the district, and therefore, by the language of the section and the ordinance, such establishments may be conducted therein. In the absence of a provision prohibiting such business, all premises in the district, by
 
 *367
 
 the terms of section 6, may be put to any use, meaning, of course, lawful use. Hence, so far as relates to the ordinance, which is the “Comprehensive Zoning Ordinance,” it does not prohibit, but permits, the conducting of a mortuary establishment in the district. Such being the case, it is obvious that all ordinances prohibiting, either partially or entirely, the conducting of mortuary establishments in the district are in conflict with the ordinance, and therefore by necessary implication are repealed, including ordinance No. 9108, C. C. S., adopted on June 2, 1926, which defendants fely on in the event the exception as to mortuary establishments, in the “Comprehensive Zoning Ordinance,” should be held to be unconstitutional. Not only may the preceding ordinances be held to be repealed for the foregoing reason, but also for the reason that, as its name indicates, the “Comprehensive Zoning Ordinance,” so far as relates to zoning, covers • the. entire subject-matter of zoning, and therefore repeals, by implication, all ordinances on that subject. This, it may .be said, however,' is not true as to building regulations contained in the ordinance, touching which reference is sometimes made in it to prior ordinances, but such regulations are not pertinent here.
 

 In closing, we may say that considerable evidence has been offered touching a preliminary writ of injunction issued at the instance of a number of property owners in the vicinity of plaintiff’s establishment against plaintiff at the time plaintiff commenced, some years ago, a mortuary business there, and touching the modification of the injunction. We have not entered into a discussion of this evidence, because its only relevancy was to show, as applicable to plaintiff’s business, to what extent plaintiff could conduct its business under ordinance No. 9108, O. O. S., adopted on June 2, 1926, prohibiting mortuary establishments in the district “other than those which are presently located and as presently operated.” The manner in which plaintiff operated, or was called upon to operate, its business, under the injunction, to show what was meant by the expression “as presently operated,” found in the ordinance, is not pertinent to this case, for the reason that the ordinance. in which the expression is? found has been repealed.
 

 The city was seeking to enforce the zoning ordinance by the arrest of plaintiff’s officers. The trial court, as stated, after issuing the-injunction, perpetuated it, and did so, in our view, correctly.
 

 The judgment is affirmed.